UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| BELINDA GALE ORTIZ, ) | Case No. 11-45842-659 |
| ) | Judge Kathy A. Surratt-States |
| ) | Chapter 13 |
| Debtor. ) | |
| ) | |
| BELINDA GALE ORTIZ, ) | **Adversary No. 15-4050-659** |
| ) | |
| ) | |
| Plaintiff, ) | **PUBLISHED** |
| ) | |
| -v- ) | |
| ) | |
| US DEPARTMENT OF EDUCATION, *ET. AL.* ) | |
| ) | |
| ) | |
| Defendants. ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The matter before the Court is Plaintiff's Complaint to Determine Dischargeability of Student Loan Debt, U.S. Department of Education's Answer to Complaint to Determine Dischargeability of Student Loan Debt, Navient Solutions, Inc.'s Answer to Complaint to Determine Dischargeability of Student Loan Debt, and Education Credit Management Corporation's Answer to Plaintiff's Complaint to Determine Dischargeability of Student Loan Debt. A trial was held on October 6, 2015, at which Plaintiff appeared in person and by counsel and all three Defendants appeared by counsel. The matter was taken under submission. Upon consideration of the record as a whole, the Court issues the following **FINDINGS OF FACT**:

Belinda Gale Ortiz (hereinafter "Debtor") filed for relief under Chapter 13 of the United States Bankruptcy Code on June 2, 2011, received a discharge on August 4, 2014, and her case was closed on September 8, 2014. Debtor filed a Motion to Reopen her Chapter 13 case on February 13, 2015 and on February 23, 2015, the Motion to Reopen was granted. On March 6, 2015, Debtor filed this adversary complaint against Defendants U.S. Department of Education (hereinafter "Department of Education"), Navient Solutions, Inc. (hereinafter "Navient"), and Education Credit

Management Corporation (hereinafter "ECMC") seeking to discharge her student loans under Section 523(a)(8) of the Bankruptcy Code. Debtor is 56 years old. She is single and has no minor dependents, although her 20 year-old son resides in her home. Debtor also has Hepatitis C, but her condition is stable and does not appear to affect her ability to gain or maintain employment.

Debtor's relevant educational history begins on June 1, 1990 when she received her General Equivalency Diploma (GED). From the 1990's to the early 2000's, Debtor testified to working at various jobs such as a customer service representative, a receptionist, and then as an administrative assistant. After her employment termination by AIMCO in mid-2004, Debtor sought to increase her earning potential by pursuing higher education. During the summer of 2004, Debtor began her college studies at St. Louis Community College at Meramec (hereinafter "SLCC") in a pre-baccalaureate program. On July 29, 2008, Debtor was granted an Associate degree from SLCC with a 2.81 cumulative-grade-point average. In January 2009, Debtor began classes at the University of Missouri at St. Louis (hereinafter "UMSL"); however, due to the length of time it would take to complete her bachelors degree at UMSL, Debtor decided to continue her education elsewhere. In May 2012, Debtor completed a Bachelor of Science degree with a major in business administration and a minor in management at the St. Louis Campus of Columbia College in Columbia, Missouri (hereinafter "Columbia"). The student loans used to finance her education are the subject of this adversary proceeding.

On October 1, 2015, Debtor and Defendants in the above captioned case, filed a Joint Stipulation of Uncontested Facts which states that Debtor is indebted to the Department of Education in the amount of $57,668.88 ($53,681.42 in principal and $3,987.46 in interest). To date, Debtor has paid $913.00 to the Department of Education which was applied to the interest on said loans.

In addition, the parties have stipulated that Debtor is indebted to Navient for an unpaid balance of $40,189.09 pursuant to the terms of four education loans with the following balances:

| **Disbursement Date** | **Balance (including principal, interest, and fees)** |
|---|---|
| 4/25/2007 | $10,904.28 |
| 9/27/2007 | $11,122.18 |
| 1/15/2008 | $10,710.29 |
| 5/16/2008 | $7,452.34 |
| **TOTAL as of 9/1/2015** | **$40,189.09** |

Furthermore, the parties have stipulated that Debtor is indebted to ECMC with respect to four loans documented in two promissory notes. Debtor executed the first Federal Family Education Loan Program (hereinafter "FFELP") Federal Stafford Loan Master Promissory Note on June 21, 2006. On July 23, 2007, Debtor executed a second FFELP Federal Stafford Loan Master Promissory Note. The ECMC Student Loans were disbursed on or about the following dates in the following original amounts and have the current balances and terms:

| **Loan Date** | **Loan Type** | **Original Loan Amount Disbursed** | **Balance as of 9/24/2015** | **Interest Rate** | **Per Diem Interest** |
|---|---|---|---|---|---|
| 8/17/2006 | FFELP Subsidized | $3,500.00 | $4,328.77 | 6.8% fixed | $0.78 |
| 8/17/2006 | FFELP Unsubsidized | $4,000.00 | $4,730.36 | 6.8% fixed | $0.85 |
| 08/09/2007 | FFELP Subsidized | $4,500.00 | $5,605.32 | 6.8% fixed | $1.01 |
| 08/09/2007 | FFELP Unsubsidized | $4,000.00 | $4,982.60 | 6.8% fixed | $0.90 |
| | | **TOTAL** | **$19,647.05** | | **$3.55**[1] |

On Debtor's 2013 state and federal tax returns, Debtor reported wages of $36,166.00 and on Debtor's 2014 state and federal tax returns, Debtor reported wages in the amount of $54,921.00. Debtor earned $27,045.39 between January 1, 2015 to May 31, 2015, and contributed $880.88 to

---

[1] The Joint Stipulation of Uncontested Facts state the total per diem amount of $3.55, but per the Court's calculation of said numbers the actual total amount is $3.54.

-3-

her 401(k) retirement plan. Debtor's most recent employment with Hiab USA, Inc. was terminated on August 18, 2015. Currently, Debtor's only income source is her unemployment benefits which she receives monthly. Debtor's total unemployment compensation is $1,386.67 as stated in her Amended Schedule I, filed September 28, 2015.

Debtor's expenses are reported as the following pursuant to Debtor's Amended Schedule J, filed September 28, 2015 and Joint Stipulation of Uncontested Facts, filed October 1, 2015:

| **Monthly Expense** | **Estimated Monthly Cost** |
|---|---:|
| Rent | $800.00 |
| Satellite Television | $47.22 |
| Land-line Phone/Cell Phone/ Internet Service | $202.78 |
| Electricity & Natural Gas | $240.00 |
| Vehicle Installment Payments | $340.83 |
| Food and Housekeeping Supplies | $345.00 |
| Clothing and Laundry | $88.00 |
| Personal Care Products and Services | $34.00 |
| Medical and Dental Expenses | $140.00 |
| Transportation | $200.00 |
| Vehicle Insurance | $74.00 |
| Pet Care | $35.00 |
| **TOTAL** | **$2,546.83** |

Debtor and her 20-year-old son live in a two bedroom rental house. Debtor testified that she chose to rent this particular home based on the school district for her then dependent son. Now that her son is over the age of maturity, Debtor has testified that the location of her home is no longer a limiting factor. Debtor testified that in addition to her personal food and housekeeping expenses, she also pays for her son's food and housekeeping expenses, which Debtor testified will end as her son is now working full-time and plans on leaving the home. Furthermore, Debtor testified that she subscribes to satellite television, a cellular phone with a data plan for herself and her son, internet service, and a land-line home phone. Debtor testified that her son contributes $20.00 per month

towards the cellular phone plan service.

Debtor argues that because she is unable to obtain a job using her college degree, she is unable to maintain an income sufficient to make reasonable payments towards her student loan debt. Debtor argues that she has many barriers to obtaining employment requiring a bachelors degree such as multiple terminations, lengthy unemployment gaps, and the length of time that it took Debtor to complete her bachelors degree. Debtor is currently unemployed, receiving unemployment benefits as her only source of income. Defendants argue that Debtor is not suffering an undue hardship on the basis of economic insufficiency. Defendants assert that albeit unemployed, Debtor has maintained an increase in salary year-over-year and has the present ability to repay her student loans.

## JURISDICTION

This Court has jurisdiction over the parties and subject matter jurisdiction under 28 U.S.C. §§ 151, 157, and 1334 (2015) and 81-9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. § 157 (b)(2)(I) (2015). Venue is proper in this District under 28 U.S.C. § 1409(a) (2015).

## CONCLUSIONS OF LAW

Under Section 523(a)(8) of the Bankruptcy Code, "[a] discharge under Section 727 ... of this title does not discharge an individual debtor from any debt – unless excepting such debt from discharge . . . would impose an undue hardship on the debtor and the debtor's dependents, for – an educational benefit over payment or loan made, insured or guaranteed by a governmental unit . . . or any other educational loan that is a qualified education loan . . . ." 11 U.S.C. §523 (a)(8)(A), (B) (2015). A debtor who seeks to discharge a student loan debt pursuant to Section 523(a)(8) bears the burden of proof as to undue hardship. *In re Ford*, 269 B.R. 673, 675 (B.A.P. 8th Cir. 2001). Debtor must prove undue hardship by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 286, 111 S. Ct. 654, 659, 112 L. Ed. 2d 755 (1991); *See also Educ. Credit Mgmt. Corp. v. Jesperson*, 571 F.3d 775, 779 (8th Cir. 2009)(describing the preponderance of the evidence burden

as "rigorous").

The Bankruptcy Code is silent as to the definition of undue hardship; however, in the Eighth Circuit, a court must consider the totality of the circumstances in "light of the following factors: (1) the debtor's past, present and reasonably reliable future resources; (2) a calculation of the debtor's and her dependant's reasonable necessary living expenses; and (3) any other relevant facts and circumstances surrounding each particular bankruptcy case." *In re Bott,* 324 B.R. 771, 775 (Bankr. E.D. Mo. 2005)(citing *In re Long*, 322 F.3d 549, 554 (8th Cir.2003)). A determination of a debtor's future financial resources and expenses is made in light of the testimony and evidence produced at the hearing. *In re Bott*, 324 B.R. at 775 (citing *In re Standfuss*, 245 B.R. 356, 360 (Bankr. E.D. Mo. 2000)).

The Court must therefore determine whether Debtor has shown her future financial resources will not sufficiently cover repayment of Debtor's student loans while still allowing a minimal standard of living based on the totality of the facts and circumstances of the present case. The Court considers each factor below.

**I. Past, Present, and Reasonably Reliable Future Financial Resources**

Debtor contends that she has experienced significant difficulty in obtaining gainful employment with compensation that is commensurate with her educational background. To date, Debtor is unemployed and currently receiving unemployment benefits until she is able to obtain permanent employment. Nonetheless, Debtor's past reported earnings and wages for the year 2013 and 2014 have increased year-over-year. Debtor's 2013 federal and state income tax returns report wages of $36,166.00 and 2014 federal and state income tax returns report wages of $54,921.00. Moreover, Debtor earned approximately $27,045.39 between January 1 to May 31, 2015.

In 1997, Debtor was diagnosed with chronic Hepatitis C, a potentially disabling condition though not one which she argues that is currently disabling. Debtor's employment history demonstrates that her diagnosis has not had a negative impact on her earning potential. Debtor has held various positions without any restrictions. At this time, Debtor admits that she is in full

-6-

remission from her Hepatitis C. To that end, the Court finds that Debtor's Hepatitis C will not prevent her from obtaining additional or more lucrative employment in the future. Debtor does not report any additional health concerns for herself that would impact Debtor's financial condition. Moreover, Debtor has testified to financing a car on or about March 2015 and purchasing a new computer at Best Buy for her adult son. Debtor has financial resources to maintain a respectable living for herself and another adult. Furthermore, Debtor's financial resources in the future look positive because Debtor's son is now working full-time and anticipates moving out of the home within the upcoming year. All facts indicate that Debtor's future earning potential is promising and her financial resources will be maintained.

### II. Reasonable and Necessary Living Expenses

The second factor requires consideration of Debtor's necessary living expenses. Debtor states that at this time, her sole source of income is monthly unemployment compensation in the amount of $1,386.67, and her current monthly estimated expenditures total $2,546.83. Upon review of Debtor's expenses, the Court finds that there is room for adjustment. Debtor currently pays $800.00 per month to rent a 2 bedroom home where her adult son lives rent free. In 2007, when Debtor chose to rent the home, the primary factor for renting the property was the school district for her then dependent son. Debtor admits that because her son has now completed his primary education, she no longer needs to live in a particular area based on school districts. Debtor testified that she is actively looking to decrease her rent and is open to finding a comparable home for much less in the near future. Moreover, Debtor's Schedule J includes additional expenses such as satellite television service, cell phone and data plan, internet service, and a land-line home phone. Debtor admits to having these services not only for her own use, but for the use of her adult son. Furthermore, Debtor pays in excess of $200.00 for food and housekeeping for herself and her adult son. Ultimately, these are expenses that Debtor testified will decrease very soon. Debtor anticipates that she will no longer pay for food and housekeeping expenses for her 20 year-old-son because he plans to move out of the home within the next year. Thus, the Court believes that Debtor could

make several adjustments to her budget, freeing monies that Debtor could potentially contribute to her student loan payments. Notwithstanding, Debtor continues to increase her expenditures with her most recent purchase of a 2012 Toyota Camry with a $340.83 monthly payment. Debtor has also purchased a new computer for her son, and maintains Best Buy and Walmart credit cards. These additional debts concern the Court because Debtor continues to take on debts where reasonable adjustments in Debtor's budget can be made to provide for reasonable payments towards Debtor's outstanding student loans. In sum, the Court finds that the anticipated decrease in Debtor's expenses over the next year as her son transitions out of the home, provide an increased ability for Debtor to repay her student loans.

### III. Other Relevant Facts and Circumstances

The last factor requires careful consideration of other relevant facts and circumstances which influence this Court's determination. As noted, Debtor's expenses are expected to decrease as her son will soon be able to contribute to his share of personal expenses now that he has gained full-time employment. Debtor's son is also expected to move out of the home in the near future, allowing Debtor to decrease her housing accommodations and other related expenses. Debtor is currently unemployed, but has testified to recently securing three interviews based on her current resume. This demonstrates that employers are interested in Debtor for potential job opportunities, overlooking her self-described barriers to obtaining employment. Debtor's Hepatitis C diagnosis does not limit her working conditions; she does not need special accommodations such as reduced hours or restricted tasks. Therefore, Debtor has no additional impairments that would prevent her from accepting a new job. Debtor is able to work and willing to work. Prior to Debtor's termination, she has maintained a fairly steady work history. Debtor's highest paying job was after she received her degree. Hence, Debtor has gained the skills necessary to earn a decent living and secure future employment. Debtor testified that she understood her student loans were in fact loans to be paid back pursuant to the terms of the agreements; however, Debtor has not applied for any Income Based Repayment programs to reduce the amount of her loan payments and make at least the

-8-

minimum contributions to her student loans as promised. Debtor has not made a good faith attempt to exhaust all repayment options and pay her student loan debt. Overall, Debtor has not met her burden of proof that payment on her student loans will result in an undue hardship.

By separate Order, the student loan debt will not be discharged.

*Kathy A. Surratt-States*
KATHY A. SURRATT-STATES
Chief United States Bankruptcy Judge

DATED: January 29, 2016
St. Louis, Missouri

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

Frank R. Ledbetter
Ledbetter Law Firm
141 N. Meramec Avenue, Suite 24
St. Louis, MO 63105

Joshua Michael Jones
U.S. Attorney's Office
111 S. 10th Street
Suite 20.333
St. Louis, MO 63102

Navient Credit Finance Corporation
3 Garden Street
Neward, DE 19713

The Higher Education Loan Authority of Missouri
633 Spirit Drive
Chesterfield, MO 63005

David P. Stoeberl
Carmody MacDonald
120 S. Central Avenue, Ste 1800
St. Louis, MO 63105-1705

Belinda Gale Ortiz
2800 Fee Fee Rd., Apt. 3
Maryland Heights, MO 63043

US Department of Education
400 Maryland Ave SW
Washington, DC 20202

Jane Rund
U.S. Attorney's Office
111 South Tenth Street
St. Louis, MO 63102

Donna M. Sommars
Sommars & Associates, LLC
911 Washington Ave., Ste. 415
St. Louis, MO 63101

Educational Credit Management Corporation
120 S. Central, Ste 1800
St Louis, MO 63105